UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Huntington National Bank, successor-by-merger to TCF National Bank,<br><br>           Plaintiff,<br><br>v.<br><br>Foster and Monroe LLC and Daniel Frederick,<br><br>           Defendants. | Civil No. 22-00023 (SRN/ECW)<br><br>**ORDER FOR DEFAULT JUDGMENT** |

Mark G. Schroeder and Daniel N. Moak, Taft Stettinius & Hollister LLP, 80 South Eighth Street, Suite 2200 IDS Center, Minneapolis, MN 55402, for Plaintiff.

No appearance for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter came before this Court on Plaintiff Huntington National Bank, successor-by-merger to TCF National Bank's ("Plaintiff") Motion for Default Judgment [Doc. No. 11] against Defendants Foster and Monroe LLC ("Foster and Monroe") and Daniel Frederick ("Frederick") (collectively "Defendants"). Based on all the files, records, and proceedings herein, and for the reasons below, the Court **GRANTS** Plaintiff's motion.

**FINDINGS OF FACT**

1. On November 16, 2020, Foster and Monroe purchased certain software and equipment. (Compl. [Doc. No. 1] ¶ 7; Compl. Exs. [Doc. No. 1-1] Ex. A (Invoice).) To facilitate the purchase, it entered into an Installment Payment Agreement ("IPA"), with a financed amount of $260,219.69, with Plaintiff. (Compl. ¶ 8; Compl. Exs., Ex. B (IPA).)

2. The IPA provided that Foster and Monroe was required to make monthly payments of $5,089.98 over 60 months, and provided other rights and remedies to Plaintiff. (Compl. ¶¶ 9-14; Compl. Exs., Ex. B (IPA) at 1.) It also entitled Plaintiff to obtain fees, costs, and expenses associated with exercising its rights and remedies. (Compl. ¶ 15; Compl. Exs., Ex. B (IPA) at 2.)

3. The IPA was secured by, among other things, a continuing guaranty from Frederick in favor of Plaintiff. (Compl. ¶ 23; Compl. Exs., Ex. E (Continuing Guaranty).)[1]

4. Foster and Monroe failed to make required payments in a timely manner, and defaulted under the IPA. On December 13, 2021, Plaintiff provided notice of default by letter to Defendants. (Compl. Exs., Ex. G (Default Notice).)

5. When neither Defendant cured the default, Plaintiff provided another notice of default and acceleration to Defendants by letter dated December 27, 2021. ( *Id.,* Ex. H (Acceleration Notice).)

6. Defendants remain in default under the Credit Agreements.

7. Consequently, on January 5, 2022, Plaintiff filed the instant action against the Defendants, alleging that Defendants materially defaulted on the Credit Agreements with Plaintiff. (Compl.)

8. The Summons and Complaint were served on Defendants on January 5, 2022, and January 10, 2022. (Summons Returned Executed to Foster and Monroe [Doc. No. 6]; Summons Returned Executed to Frederick [Doc. No. 5].)

---

[1] The IPA and Continuing Guaranty are referred to herein collectively as "Credit Agreements."

9. Having received notice, neither Defendant filed an answer, a response, or made an appearance.

10. Accordingly, on July 22, 2022, Plaintiff filed for entry of default. (Appl. for Entry of Default [Doc. No. 7].) The Clerk of Court filed an Entry of Default [Doc. No. 10] against Defendants on July 25, 2022.

11. As of August 24, 2022, the total amount due from Defendants to Plaintiff under the Credit Agreements, exclusive of additional accruing interest charges, attorney's fees, and other applicable costs, fees, and expenses, is $243,059.21.

| |
|---|
| 11/20/21 through 8/20/22 Installments:  $50,899.80 |
| Present Value of 39 Installments @ 6.49%:  $178,646.10 |
| 5% Penalty:  $8,932.31 |
| Late Fees:  $4,581.00 |
| **TOTAL AMOUNT DUE:  $243,059.21** |

(Shamblott Decl. [Doc. No. 14] ¶¶ 5-9.)

12. On September 1, 2022, Plaintiff filed a Motion for Default Judgment against Defendants [Doc. No. 11].

13. On September 1, 2022, the Motion for Default Judgment and related documents were served by U.S. Mail on Defendants.[2] (Affidavit of Service [Doc. No 17].)

14. Plaintiff incurred reasonable attorney's fees and expenses in the amount of

---

[2] These motion papers were also served upon Defendants' counsel in Buffalo, New York, who never appeared in this action.

$14,393.30. (Moak Decl. [Doc. No 15]; Schroeder Decl. [Doc. No. 19].)

## CONCLUSIONS OF LAW

1. Foster and Monroe had a contractual duty to make monthly payments in the amount of $5,089.98 to Plaintiff, in repayment of a loan in the amount of $260,219.69.

2. Foster and Monroe materially defaulted under the IPA.

3. Frederick was the guarantor of the loan, and after receiving notice of Foster and Monroe's default, did not cure the default.

4. Plaintiff's attorneys' fees of $13,791.30 were incurred for legal work performed in reviewing loan documents, drafting the complaint, drafting the instant motion and supporting documents, and appearing for the hearing on the instant motion. The Court concludes that the requested fees are reasonable. Plaintiff's expenses of $602.00, incurred for filing fees and process server fees, are also reasonable.

5. As a result of Defendants' defaults and breaches of the Credit Agreements, Plaintiff is entitled to monetary damages of $243,059.21, and reasonable attorney's fees and expenses in the amount of $14,393.30.

## ORDER

Accordingly, based upon the foregoing, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Default Judgment [Doc. No. 11] is **GRANTED** in its entirety.

2. Pursuant to Fed. R. Civ. P. 55(b)(2), a joint and several default judgment is hereby entered on Plaintiff's breach of contract claims (Counts I and II of the Complaint) against Defendants Foster and Monroe LLC and Daniel Frederick.

3. Pursuant to Fed. R. Civ. P. 41(a)(1)(i), Counts III, IV, V, and VI of Plaintiff's Complaint are voluntarily dismissed.

4. Defendants are jointly and severally liable in the amount of $243,059.21 in monetary damages, exclusive of attorney's fees, costs, and expenses, which is hereby awarded to Plaintiff.

5. Defendants are jointly and severally liable for attorney's fees and expenses in the amount of $14,393.30, plus any additional costs and any attorney's fees incurred hereafter, which are hereby awarded to Plaintiff.

6. Plaintiff shall be entitled to applicable post-judgment interest at the maximum rate allowed by law.

7. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants in the total amount of $257,452.51 in accord with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 28, 2022

                                          s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge